IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONIL JOSE GONZALEZ CENTENO,<br>Petitioner | : | No. 3:25cv2518 |
| | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| CRAIG LOWE, in his official capacity<br>as Warden, Pike County<br>Correctional Facility, *et al.*,<br>Respondents | :<br>:<br>:<br>: | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is a petition for a writ of habeas corpus filed by Petitioner Ronil Jose Gonzalez Centeno pursuant to 28 U.S.C. § 2241. Gonzalez Centeno is a citizen of the Bolivarian Republic of Venezuela and an immigration detainee in the custody of the United States Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"). He has been charged with entering the United States without admission or inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i).

Although Gonzalez Centeno has been present in the United States of America for approximately 40 months, he is currently detained at the Pike County Correctional Facility ("Pike CCF") in Lords Valley, Pennsylvania under 8 U.S.C. § 1225(b)(2)(A) and has been held without a bond hearing pursuant to that section of the Immigration and Naturalization Act ("INA"). The petitioner, like

many others before him, asserts that he is not subject to Section 1225(b)(2)(A). Petitioner contends that 8 U.S.C. § 1226(a) applies to him, because he had been previously paroled to the interior of the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). By its terms, Section 1226(a) allows for release on conditional parole or bond.

The specific issues in this case have been reviewed on numerous occasions by other judges in the Middle District of Pennsylvania and by other district courts throughout the country. In accordance with hundreds of decisions and for the reasons set forth below, Gonzalez Centeno's detention violates the Due Process Clause of the Fifth Amendment. Gonzalez Centeno's Section 2241 petition will be granted, and the petitioner will be ordered released.

**Background**

Petitioner is a citizen of Venezuela, who has been in immigration detention since November 20, 2025. (Doc. 1, Pet. ¶¶ 7, 29). As alleged, on September 17, 2022, Gonzalez Centeno entered the United States without inspection and was detained by DHS. Id. ¶ 2. Rather than keep him in continuous physical custody, however, the government exercised its discretion under 8 U.S.C. § 1182(d)(5)(A) and paroled Gonzalez Centeno into the United States on September 23, 2022 for urgent humanitarian reasons or significant public benefit. Id. ¶ 3.

Petitioner's parole expired on November 22, 2022 and he has a pending I-589 Application for Asylum and Withholding of Removal filed as of June 7, 2023. Id. ¶¶ 4, 5. He has no criminal record. Id. ¶ 81. He obtained lawful and gainful employment as a construction worker. Id. ¶ 80. Prior to his detention, he resided in Chester County, Pennsylvania with family members.

On November 20, 2025, Gonzalez appeared for a routine check-in at the Philadelphia ICE Enforcement and Removal Operation field office and was subsequently detained. Id. ¶ 82. He has been charged with having entered the United States without admission or inspection in violation of 8 U.S.C. § 1182(a)(6)(A)(i) and has been held at Pike CCF for several weeks. Id. ¶¶ 8, 83.

Gonzalez Centeno avers that he has been unable to obtain review of his custody by an immigration judge because of a change in a DHS policy, which now considers everyone who entered the United States without admission or inspection to be subject to detention under Section 1225(b)(2)(A) and therefore ineligible to be released on bond. Id. ¶ 9. Further, Gonzalez Centeno alleges that the Board of Immigration Appeals ("BIA") has ratified this change through a precedential opinion binding on all IJs. Id. ¶¶ 9–10. (citing Matter of Yajure

Hurtado, 29 I. & N. Dec. 216 (BIA 2025)).[1]  Thus, according to the petitioner, an IJ will be unable to consider any bond request. Id. ¶¶ 10–11.

The government filed a *pro forma* response today, January 13, 2026, which supplied only legal arguments to support Gonzalez Centeno's continued detention, not any facts challenging the petitioner's averments. (Doc. 7). Consequently, the issues to be addressed here are not novel.  As discussed below, the government's legal arguments have all been soundly rejected by other courts within the appellate jurisdiction of the Third Circuit Court of Appeals, including by judges in the Middle District of Pennsylvania.  Guided by this groundswell of authority from the district courts, Gonzalez Centeno's petition for a writ of habeas corpus will be granted.  He will be ordered released from detention.[2]

**Jurisdiction**

The government contends that 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1252(b)(9), and 1252(g) strip this court of habeas jurisdiction. (Doc. 7 at 16–23).  The court disagrees.  None of these statutory sections are applicable to Gonzalez Centino's petition as courts have repeatedly explained over the past several

---

[1] The court need not defer to Hurtado, a decision of an administrative agency. See Loper Bright Enters. v. Raimondo, 603 U.S. 369, 400–01 (2024).

[2] Gonzalez Centeno also filed a motion for temporary restraining order and preliminary injunction, (Doc. 6), to which the government has responded, (Doc. 8).  The motion will be denied as moot.

4

months. See Vadel v. Lowe, No. 3:25-CV-02452, 2025 WL 3772059, at *3 (M.D. Pa. Dec. 31, 2025) (Mehalchick, J.); Samassa v. Lowe, No. 1:25-CV-02197, 2025 WL 3653751, at *1 (M.D. Pa. Dec. 17, 2025) (Brann, C.J.); Quispe v. Rose, No. 3:25-CV-02276, 2025 WL 3537279, at *3 (M.D. Pa. Dec. 10, 2025) (Mehalchick, J.); Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *4, n.7 (M.D. Pa. Dec. 8, 2025) (Mariani, J.); Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility, No. 3:25-CV-01896, 2025 WL 3522932, at *7 (M.D. Pa. Nov. 13, 2025) (Camoni, M.J.), report and recommendation adopted in part, rejected in part, No. 3:25-CV-01896, 2025 WL 3513152 (M.D. Pa. Dec. 8, 2025) (Wilson, J.) (adopting jurisdiction section of the R&R).[3]

Based on the unchallenged facts of Gonzalez Centino's detention and the legal theories advanced by the government, the undersigned adopts the reasoning of those decisions here. That is, Gonzalez Centino "does not challenge the commencement of his removal proceedings, the Attorney

---

[3] See also Khodjaev v. Rose, No. 26-69, 2026 WL 78136, at *2 (E.D. Pa. Jan. 9, 2026) (Brody, J.) (citing Demirel v. Fed. Det. Ctr. Philadelphia, No. 25-5488, 2025 WL 3218243, at *2–3 (E.D. Pa. Nov. 18, 2025) (Diamond, J.); Cantu-Cortes v. O'Neill, No. 25-CV-6338, 2025 WL 3171639, at *1 (E.D. Pa. Nov. 13, 2025) (Kenney, J.); Kashranov v. Jamison, No. 2:25-CV-05555-JDW, 2025 WL 3188399, at *3–4 (E.D. Pa. Nov. 14, 2025) (Wolson, J.)); Hussain v. O'Neill, No. CV 26-35-KSM, 2026 WL 66891, at *1–3 (E.D. Pa. Jan. 8, 2026) (Marston, J.) ("While the year has changed, immigration enforcement in this District appears to have stayed the same."); Kobilov, v. O'Neill, No. CV 26-0058, 2026 WL 73475, at *3 (E.D. Pa. Jan. 8, 2026) (Rufe, J.); Morocho v. Jamison, No. 5:25-CV-05930-JMG, 2025 WL 3296300, at *2 (E.D. Pa. Nov. 26, 2025) (Gallagher, J); Del Cid v. Bondi, No. 3:25-CV-00304, 2025 WL 2985150, at *12 (W.D. Pa. Oct. 23, 2025) (Haines, J.).

5

General's decision to adjudicate his case, or the execution of a removal order[,]" nor does he "seek review of a question of law or fact arising from a removal proceeding[,]" nor is he challenging a discretionary choice to detain him. Quispe, 2025 WL 3537279 at *3–4. Thus, Sections 1252(a)(2)(B)(ii), (b)(9), and (g) do not strip this court of jurisdiction. Id.

As to another threshold issue, the government "does not dispute" that Hurtado "controls the applicability of Section 1225(b)(2) — and by extension the availability of a bond hearing[.]" (Doc. 7 at 23). Consequently, the government's argument that Gonzalez Centino failed to exhaust administrative remedies is rejected. Based on the BIA's decision in Hurtado, exhaustion would be futile. "[E]ven when courts might otherwise require exhaustion, they may excuse it when, for instance, 'waiver, estoppel, tolling or futility' applies." United States v. Dohou, 948 F.3d 621, 628 (3d Cir. 2020) (quoting Wilson v. MVM, Inc., 475 F.3d 166, 174 (3d Cir. 2007)).

Thus, under 28 U.S.C. § 2241(c), a detainee may receive habeas relief only if he "is in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989). Gonzalez Centeno filed the instant petition while he was detained as an immigration detainee housed at a county jail in Pike County, Pennsylvania. Consequently, this court has jurisdiction over his Section 2241 petition. See

6

Trump v. J. G. G., 604 U.S. 670, 672 (2025); Zadvydas v. Davis, 533 U.S. 678, 699 (2001); see also Arias Gudino v. Lowe, 785 F. Supp. 3d 27, 36 (M.D. Pa. 2025).

**Analysis**

**1. Section 1226(a) Applies to Gonzalez Centeno, Not Section 1225(b)(2)(A)**

While the executive branch possesses significant discretion in the immigration context, that discretion must be exercised within the boundaries of the statutory framework established by Congress. This case, like many others before it, turns on whether 8 U.S.C. § 1225(b)(2)(A) or § 1226(a) applies to Gonzalez Centeno. As observed by the Honorable Robert D. Mariani, "every district court in the Third Circuit to consider this issue has found that detainees similarly situated…are not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A) and that the [r]espondents' interpretation of the INA is wrong." Patel v. O'Neil, No. 3:25-CV-2185, 2025 WL 3516865, at *4, n.7 (M.D. Pa. Dec. 8, 2025) (collecting 56 cases decided on or before December 5, 2025). Additionally, the Honorable Paul Diamond of the Eastern District of Pennsylvania has identified at least 282 district court decisions which have determined that the government has misread the Immigration and Nationality Act. Demirel, 2025 WL 3218243 at *1, *5–13. The undersigned joins this consensus.

As thoroughly reviewed in these decisions, for Section 1225(b)(2)(A) to apply and subject a noncitizen to mandatory detention: "(1) there must be an 'examining immigration officer' who determines; (2) that an 'applicant for admission'; (3) is 'seeking admission'; and (4) 'not clearly and beyond a doubt entitled to be admitted.' " Bethancourt Soto v. Soto, No. 25-CV-16200, --- F.Supp.3d ----, 2025 WL 2976572, at *5 (D.N.J. Oct. 22, 2025) (citing 8 U.S.C. 1225(b)(2)(A)) (additional citations omitted).

"Seeking admission" is not defined in Section 1225; however, the consensus view is that this phrase requires "active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry[,]" Quispe, 2025 WL 3537279, at *5 (citations omitted), and does not apply to "noncitizens like [p]etitioner who have resided in the United States for years[,]" Patel, 2025 WL 3516865 at *5 (citations omitted).  Otherwise, to adopt the government's position would violate the rule against surplusage, negate the plain meaning of the text, and render the mandatory detention of "criminal aliens" under Section 1226(c) (as expanded last year by the Laken Riley Act) as arising from a redundant statutory provision. See id. (citing Centeno Ibarra v. Warden of the Fed. Det. Ctr. Philadelphia, No. CV 25-6312, 2025 WL 3294726, at *6 (E.D. Pa. Nov. 25, 2025) (Rufe, J.)).

On the other hand, Section 1226(a) "sets out the default rule: The Attorney General may issue a warrant for the arrest and detention of an alien 'pending a decision on whether the alien is to be removed from the United States.' " Jennings, 583 U.S. at 288 (Alito, J., majority op.) (quoting 8 U.S.C. § 1226(a)). Pending such decision, the Attorney General may: 1) "continue to detain the arrested alien"; and 2) "may release the alien on...bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or...conditional parole[.]" 8 U.S.C. § 1226(a)(1)–(2). "At a bond hearing, a noncitizen 'may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community.' " Quispe, 2025 WL 3537279, at *6 (quoting Nielsen v. Preap, 586 U.S. 392, 397–98 (2019)).

Gonzalez Centeno has been living and working in the Philadelphia suburbs for many years. Section 1226(a) applies to him, not Section 1225(b)(2)(A).

**2. Gonzalez Centeno Will Be Released**

Gonzalez Centeno enjoys the protections of the Due Process Clause of the Fifth Amendment. J.G.G., 604 U.S. at 673; Zadvydas, 533 U.S. at 693. Whether petitioner's continued detention under 8 U.S.C. § 1225(b)(2)(A) violates procedural due process requires a consideration of: 1) the private interest that will be affected by the official action; 2) the risk of an erroneous deprivation of

9

such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and 3) the government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. Mathews v. Eldridge, 424 U.S. 319, 335 (1976).

Each factor favors Gonzalez Centino. First, his private interest is the interest of not being physically detained by the government, which "is the most elemental of liberty interests[.]" Hamdi v. Rumsfeld, 542 U.S. 507, 529 (2004). "The restriction of liberty is particularly acute here where, absent a bond hearing, he would be detained for months or even years while his case proceeds." Cunin v. McShane, No. 3:25-CV-1887, 2025 WL 3542999, at *2 (M.D. Pa. Dec. 10, 2025) (Neary, J.) (citation omitted). Second, he has been detained erroneously under Section 1225(b) without any apparent procedural safeguards, including the ability to obtain a bond hearing. See id. ("There is a certainty—not merely a risk—that the failure to grant [petitioner] a bond hearing would unlawfully deprive him of the opportunity to make the case for his release and incarcerate him indefinitely."); see also Patel, 2025 WL 3516865, at *6 (citing Bethancourt Soto, --- F. Supp. 3d ----, 2025 WL 2976572, at *8); Quispe, 2025 WL 3537279, at *7 (citations omitted). Third, the government's interest in detaining noncitizens "to ensure the appearance of aliens at future immigration proceedings and to prevent danger to the community" is mitigated by Gonzales Centeno's

compliance with the conditions of release, including reporting to the ICE ERO Field Office in Philadelphia for a scheduled interview and a "routine check-in" prior to the holidays, despite knowing his risk of detention under the present administrative policies. See Quispe, 2025 WL 3537279, at *7. In response to the petition, the government has not provided any information suggesting that Gonzalez Centeno is a flight risk or a danger to his community. He has no criminal record. Consequently, Gonzalez Centeno's continued detention violates his procedural due process rights.

The court will therefore grant Ronil Jose Gonzalez Centeno's petition for writ of habeas corpus.[4] Respondents shall immediately release Gonzalez Centeno from their custody because he was unlawfully detained without the opportunity for a bond hearing.[5] See Hussain, 2026 WL 66891, at *7 (citing Kashranov, 2025 WL 3188399, at *8; Patel v. McShane, No. CV 25-5975, 2025 WL 3241212, at *3 (E.D. Pa. Nov. 20, 2025) (Brody, J.).[6] Respondents, including

---

[4] Gonzalez Centeno's request for attorneys' fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412 is denied without prejudice to be raised at a more appropriate time in the petitioner's immigration proceedings. See Santana-Rivas v. Warden of Clinton Cnty. Corr. Facility, No. 3:25-CV-01896, 2025 WL 3513152, at *4 (M.D. Pa. Dec. 8, 2025)

[5] To the extent that Craig Lowe, Warden of Pike CCF is the only proper respondent in this matter, Lowe is acting as an agent of ICE and the government will be bound by the order. See Vadel 2025 WL 3772059 at *1, n.1.

[6] Likewise, Judge Mariani, Judge Wilson, and Judge Mehalchick have ordered the immediate release of immigration detainees in similar circumstances upon consideration of a Section 2241 habeas petition. Vadel, 2025 WL 3772059; Ramirez-Montoya, 2025 WL 3709045; Quispe, 2025 WL 3537279; Patel, 2025 WL 3516865; Santana-Rivas, 2025 WL 3513152 at *1

11

DHS and ICE are permanently enjoined from re-detaining Gonzalez Centeno under 8 U.S.C. § 1225(b)(2)(A). Id. Respondents are temporarily enjoined from re-arresting Gonzalez Centeno for a period of 14 days to ensure that this habeas remedy is effective. Id. Should respondents detain Gonzalez Centeno pursuant to 8 U.S.C. § 1226(a), they shall, within ten (10) days, afford him a bond hearing before an immigration judge, who shall provide an individualized assessment as to whether Gonzalez Centeno poses a flight risk or a danger to the community.

## Conclusion

The petition for writ of habeas corpus under 28 U.S.C. § 2241 will be granted for the reasons set forth above. An appropriate order follows.

Date: 1/13/26

JUDGE JULIA K. MUNLEY
United States District Court

---

(adopting the portion of Magistrate Judge Camoni's R&R recommending immediate release). Chief Judge Brann has ordered the release of a similarly situated immigration detainee upon consideration of an emergency motion for a temporary restraining order. Samassa, 2025 WL 3653751.